UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
AUG 15 2013
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| MARILYN D. MEADOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-2185 |
| | ) |
| TATE & LYLE INGREDIENTS | ) |
| AMERICAS, LLC, a corporation, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

COMES NOW the Plaintiff, Marilyn D. Meador ["Meador"], and for her cause of action against the Defendant, Tate & Lyle Ingredients Americas, LLC ["Tate & Lyle"], a corporation, states as follows:

### JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337 and Title 42, United States Code Sections 2000e-5 and 12117 (a). This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of disability.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since Tate & Lyle engages in its business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1. That Meador is an adult resident of Decatur, Illinois. Formerly, she was employed by Tate & Lyle and its predecessor for sixteen years. At the time of the incident giving rise to this case, she was an auxiliary boiler operator and a waste water treatment operator at its Decatur, Illinois manufacturing facility.

2. That Tate & Lyle is a corporation which engages in business in Illinois and other states in the United States. At all times relevant to this proceeding, it manufactured various products from agricultural commodities at a manufacturing facility located in Macon County, Illinois.

## STATEMENT OF CLAIMS

3. That at all times pertinent to this proceeding Tate & Lyle, in connection with its business enterprise, employed individuals. As such, it was an employer as that term is defined at 42 U.S.C. Section 12111(5).

4. That at all times pertinent to this proceeding Tate & Lyle did, in connection with its business enterprise, engage in commerce and in an enterprise effecting commerce.

5. That within the time prescribed by law Meador did file with the Equal Employment Opportunity Commission ["EEOC"], through the Illinois Department of Human Rights, a charge of civil rights violation against Tate & Lyle. This proceeding is being filed within ninety days of her receipt of a Notice of a Right to Sue issued by the EEOC.

6. That Meador, at all times relevant to this proceeding, suffered from certain medical condition commonly known as Attention Deficit Hyperactivity Disorder ["ADHD"] and dyslexia. As a result of these medical conditions, Meador: a) could become easily distracted; b) could have difficulty concentrating and remaining focused; and c) could engage in impulsive spending.

7. That Meador, at all times relevant to this proceeding, suffered from a disability as that term is defined under 42 U.S.C. Section 12102(2) because of either: a) the nature of her medical condition as it existed at the time of the incidents giving rise to the above proceeding; b) her history of suffering from that medical condition; or c) the actions of Tate & Lyle in regarding her to suffer from a disability.

8. That at all times pertinent to this cause Meador adequately performed her employment duties for Tate & Lyle and satisfied all reasonable expectations imposed upon her by it in connection with her employment as an auxiliary boiler operator and waste water treatment operator.

9. That as a form of treatment Meador's physician prescribed certain lawful medications commonly used to treat her medical condition. Those medications were successful in treating the symptoms described in paragraph 6 above. During the time she took those medications, Meador: a) performed the duties of her employment for Tate & Lyle in a fully competent manner; b) performed her duties for Tate & Lyle safely; and c) did not pose a safety risk to herself or others in the workplace because of either her medical condition or the medications she was prescribed.

10. That at all times referred to above Meador, notwithstanding the fact that she suffered from the medical condition described above and was taking certain medications to treat that condition, could and did perform the functions of her employment as an auxiliary boiler operator and waste water treatment operator both safely and competently. Accordingly, she was a qualified individual with a disability as that term is defined in 42 U.S.C. Section 12111(8).

11. That on August 18, 2006 Meador was directed by Tate & Lyle to undergo a physical examination because of a possible injury she may have sustained at work the preceding day. Pursuant to the direction of Tate & Lyle, Meador did undergo the directed medical examination which included a drug test.

12. That the drug test referred to in the preceding paragraph, the results of which were not reviewed by a properly certified medical review officer, revealed that Meador was taking medications of the type described in paragraph 9 above.

13. That on August 23, 2006 Tate & Lyle suspended Meador from employment with it because of the findings of the drug test referred to in the preceding paragraph. Meador was directed to undergo an assessment by the Tate & Lyle Employee Assistance Program and to follow all treatment recommendations arising as a result of that assessment.

14. That pursuant to the directions referred to in the preceding paragraph Meador did undergo and successfully complete an assessment by the Tate & Lyle Employee Assistance Program. Nonetheless, Tate & Lyle refused to reinstate Meador to active employment with it.

15. That Tate & Lyle refused to reinstate Meador to employment with it because of her use of the medications referred to in paragraph 9 above.

16. That the medications referred to in paragraph 9 above were at all times relevant to this proceeding: a) prescribed by her physician to treat the medical condition described above; b) taken in acceptable dosages; c) did not prevent Meador from satisfactorily performing the duties of her position; and d) neither impaired nor prevented her from safely performing her employment duties.

17. That at various times during the years 2006, 2007 and 2008 Meador's physician informed Tate & Lyle that Meador could competently and safely perform the duties of her position taking the medications prescribed by him.

18. That in March of 2007 with the approval of her physician, Meador submitted to a drug test. At that time, she was taking the medications described in paragraph 9 above. The results of that test which were reviewed by a certified medical review officer were negative. On information and belief, a copy of those test results were provided to Tate & Lyle.

19. That notwithstanding the activities described in paragraphs 17 and 18 above, Tate & Lyle remained consistent in its refusal to reinstate Meador to active employment with it.

20. That on August 24, 2009 Tate & Lyle terminated Meador from employment with it for the stated reason that she had been absent from work due to illness or injury for over 36 consecutive months.

21. That Meador had been away from work between August 23, 2006 and August 24, 2009 because of her suspension from employment by Tate & Lyle and its refusal to return her to employment with it because of her use of the medications described in paragraph 9 above. Those medications were reasonably required to treat Meador's medical condition as described above and neither impaired nor prevented her from safely performing her duties for Tate & Lyle.

22. That by virtue of the foregoing action Tate & Lyle discriminated against Meador because of her disability in violation of 42 U.S.C. § 12112.

23. That as a direct and proximate result of the conduct of Tate & Lyle Meador lost her employment with it and the salary and other economic benefits enjoyed because of that employment. Additionally, she sustained emotional distress, mental anguish, embarrassment and

the loss of enjoyment of life.

WHEREFORE, Meador respectfully requests that this Court enter judgment in her favor and against Tate & Lyle and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Section 12112 and issue a mandatory injunction against Tate & Lyle to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any further actions against Meador which violate the foregoing laws;

B. Issue a mandatory injunction directing Tate & Lyle to reinstate Meador to a position of employment with it which, at the time of trial, she would have held but for the discriminatory conduct complained of in this complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

C. Award Meador damages sufficient to compensate her for economic losses suffered as a result of the actions complained of above as well as compensatory damages for any personal injuries sustained because of the conduct of Tate & Lyle to the extent such is compensable under the law;

D. Assess against Tate & Lyle the costs and expenses incurred by Meador in maintaining the above captioned proceeding together with any reasonable attorneys' fees incurred by her in prosecuting the above case;

E. Assess against Tate & Lyle and in favor of Meador such liquidated damages and exemplary damages as may be provided by law for the willful violations of the law committed by it; and

F. Provide for such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, MARILYN D. MEADOR, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE PROCEEDING BE TRIED BY JURY.

MARILYN D. MEADOR, Plaintiff

By: *[signature]*
Marilyn D. Meador
165 East Court Manor Place
Decatur, Illinois  62522-1843
Phone:  (217) 429-1621
(MeadorMarilyn/complaint 080913)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARILYN D. MEADOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-2185 |
| | ) |
| TATE & LYLE INGREDIENTS | ) |
| AMERICAS, LLC, a corporation, | ) |
| | ) |
| Defendant | ) |

**CERTIFICATE OF INTEREST**

COMES NOW the Plaintiff, Marilyn Meador, *pro se*, and furnishes the following list in compliance with Rule 11.3 of this Court.

1. That the full name of the Plaintiff is Marilyn D. Meador.

2. That the Plaintiff is not a corporation.

3. That the Plaintiff is appearing *pro se* in the above captioned proceeding.

_____
MARILYN MEADOR
165 East Court Manor Place
Decatur, Illinois 62522-1843
(217) 429-1621

August 15, 2013